IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JERRY L. JUREK, <br> TDCJ No. 330521, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Civil Action No. 7:17-cv-00123-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Jerry L. Jurek's Petition for Writ of Habeas Corpus (ECF No. 1), filed August 7, 2017. This case was referred to Magistrate Judge John D. Love of the Eastern District of Texas pursuant to a standing order on August 7, 2017 (ECF No. 3). Magistrate Judge Love then transferred the case to this Court on August 11, 2017 (ECF No. 5). The case was then referred to the undersigned pursuant to Special Order No. 3 on August 31, 2017 (ECF No. 8). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Barbara M.G. Lynn **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

**BACKGROUND**

Petitioner Jerry L. Jurek ("Jurek") is a prisoner confined in the Allred Unit in Iowa Park, Texas. ECF No. 1 at 1. As a result of his refusal to work in the dishroom as ordered by FSM Hernandez, he lost forty-five days of recreation, forty-five days of commissary, and forty-five days of access to the offender telephone system. *Id.* at 2; ECF No. 17 at 3. The prison also reduced his classification from S3 to S4. ECF No. 1 at 2.

The Court sent a questionnaire to Jurek, who responded on November 14, 2017. ECF Nos. 16–17. According to Jurek's answers, he was sentenced to life with parole on August 17, 1973. ECF No. 17 at 2. He did not file a Step 1 or Step 2 grievance. *Id.* at 3.

**ANALYSIS**

Rule 4 of the Rules Governing § 2254 Cases requires that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The pleadings plainly show that Jurek is not entitled to relief under § 2254 because he has not lost a liberty interest and thus cannot recover under the federal habeas statute.

A prisoner can only obtain federal habeas relief under § 2254 if the prisoner alleges that "he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (quoting *Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Texas state prisoners who allege that they were improperly denied good-time credit that would have allowed them an earlier release from prison can obtain relief under § 2254. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000). Temporary restrictions do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997)) (holding that cell restrictions and loss of commissary privileges do not implicate due process concerns); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (affirming dismissal of a habeas claim for loss of custodial classification).

Jurek has alleged that he had his classification reduced and temporarily lost recreation, commissary, and phone privileges. ECF Nos. 1 and 17. However, he did not lose good-time credits

or anything else that would effect an earlier release from prison. *See id.* As a result, he has not been deprived of a constitutional right and cannot obtain relief under § 2254.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 19, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE